NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-3324

LLOYD D. FISHER, JR.,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Lloyd D. Fisher, Jr., of Lawrence, Kansas, pro se.

Michael S. Dufault, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Franklin E. White, Jr., Assistant Director.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-3324

LLOYD D. FISHER, JR.,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  January 17, 2007

_____

Before LOURIE, RADER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Lloyd D. Fisher, Jr. ("Fisher") appeals from the final decision of the Merit Systems Protection Board (the "Board") affirming the decision of the Office of Personnel Management ("OPM") denying his request for waiver of repayment of a benefit overpayment paid under the Federal Employees Retirement System ("FERS"). <u>Fisher v. Office of Pers. Mgmt.</u>, DE-0845-05-0500-1-1 (M.S.P.B. May 17, 2006). Because substantial evidence supports the Board's findings, we <u>affirm</u>.

BACKGROUND

Fisher was employed at the U.S. Department of Agriculture in Kansas from March 1998 until November 2000. Fisher applied for disability retirement benefits under the FERS on June 22, 2001. OPM approved Fisher's application for disability retirement benefits on October 3, 2001, effective from August 26, 2000.

The letter awarding Fisher benefits also advised him that he needed to provide proof that he had applied for Social Security Administration ("SSA") disability benefits and to notify OPM of any SSA disability benefits received. In a letter to Fisher dated March 7, 2002, OPM informed Fisher that "[b]y law, the [OPM] is required to deduct all or a part of Social Security disability benefits from the FERS disability benefit paid to a retiree." See 5 U.S.C. § 8452(a)(2)(A). The letter requested that Fisher provide an update as to the status of his SSA disability benefits application. The letter also included the following information:

> If you are overpaid FERS disability benefits because of receipt of Social Security disability benefits, OPM will send you a notice of the amount of overpayment. You are legally required to repay this money to OPM. If SSA sends you a retroactive payment, hold that award until you receive a notice of the amount of overpayment from OPM, so that you have sufficient funds to repay your duplicate payment.

In a letter to Fisher dated July 21, 2002, the SSA informed Fisher that he was eligible for monthly disability benefits, effective June 1, 2001. The letter stated that Fisher would receive a lump sum payment of $13,683.00 in July 2002 and that he would receive monthly payments of $1065.00 starting in August of 2002.

Fisher promptly notified OPM of the award of SSA disability benefits on July 23, 2002. As instructed by the March 7, 2002, OPM letter, Fisher set aside the lump sum payment upon receiving it from the SSA. In a letter to Fisher dated August 12, 2002,

OPM informed Fisher that based on the retroactive award of SSA disability benefits, he had received an overpayment of FERS disability benefits in the amount of $10,055.00 and that he would be required to repay that amount. The letter also informed Fisher that he could request a waiver so that repayment would not be required: "To qualify for waiver, you must satisfy two basic conditions. The first involves fault; the second involves a determination of equity and good conscience." See 5 U.S.C. § 8346(b). The letter further explained that meeting the requirement of equity and good conscience required a showing of financial hardship, detrimental reliance, or unconscionability. See 5 C.F.R. § 831.1403. The letter also stated that a form requesting waiver must be returned to OPM within thirty days of the letter date.

Fisher returned the form on September 12, 2002. In a letter dated April 25, 2003, OPM denied Fisher's request for waiver because it was postmarked September 13, 2002, and therefore was not within the thirty-day window specified by the overpayment letter. After Fisher appealed that decision to the Board, OPM rescinded its decision and agreed to review the merits of Fisher's waiver request. However, in its reconsideration decision dated September 24, 2004, OPM denied a waiver, stating that Fisher was not without fault in causing the overpayment and that he did not meet the high unconscionability standard. OPM also found no financial hardship and stated that it would collect the overpayment in monthly installments of $279.00. OPM reissued its decision on August 5, 2005 after Fisher informed it that he had not received a copy of the decision.

Fisher appealed OPM's decision to the Denver Field Office of the Board on September 9, 2005. In an order dated October 5, 2005, the Administrative Judge ("AJ")

summarized a telephonic status conference conducted that same day. The AJ's order noted that Fisher essentially did not dispute that an overpayment existed and that OPM acknowledged that Fisher was not at fault in causing or contributing to the overpayment. The AJ's order also stated that she had explained to Fisher that an additional finding to support a waiver, such as financial hardship or unconscionability, would be required even if Fisher was without fault. Fisher argued that a waiver was appropriate based on considerations of equity, and stated that he would consider amending his appeal to include arguments of financial hardship.

The AJ issued an initial determination affirming the decision of OPM on January 10, 2006. The AJ found that Fisher had admitted the amount and existence of the overpayment and that the existence of the overpayment was further demonstrated by computer records and written calculations from OPM. Next, the AJ found that Fisher was without fault in causing the overpayment, thus meeting the first test for waiver eligibility. The AJ also found that under OPM's Policy Guidelines on the Disposition of Civil Service Retirement Overpayments, May 1995, "a without-fault appellant, who accepts a payment he suspects or knows to be erroneous, is obligated to set aside the overpaid money pending recovery" (the set-aside rule). The AJ found that Fisher was aware of the set-aside requirement and had in fact set aside the SSA lump sum payment as requested.

The AJ then turned to Fisher's argument that waiver was appropriate because repayment would be unconscionable on other equitable grounds. Relying on a prior Board decision, the AJ stated that the word "unconscionable" means "going beyond the bounds of what is customary or reasonable; ridiculously or unjustly excessive;

06-3324                                    -4-

inordinate" and is determined by a totality of the circumstances approach. But the AJ found that Fisher had failed to prove by substantial evidence the existence of the kind of gross and egregious error necessary to meet the standard for unconscionability.

On May 16, 2006, the Board denied Fisher's petition for review, and the initial decision became the final decision of the Board. See 5 C.F.R. § 1201.113. Fisher timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). Fisher has the burden of proving entitlement to a waiver of an overpayment by substantial evidence. 5 C.F.R. § 845.307(b) ("Burden of annuitant. The recipient of an overpayment must establish by substantial evidence that he or she is eligible for waiver or an adjustment.").

On appeal, Fisher argues that the Board erred in applying the set-aside rule and in denying his claim on the basis of lack of financial hardship rather than on the basis of equity and good conscience. In support of his argument that he has met the requirements for a waiver under equity and good conscience, Fisher argues that the AJ did not adequately consider the impact of his physical disabilities, particularly upon his ability to adequately represent himself. Fisher also argues that the FERS system which

relates benefit payments to the separate SSA system generates inequitable outcomes. Finally, Fisher argues that OPM's pattern of conduct during the litigation of the waiver issue further supports a finding of unconscionability.

In response, the government argues that the Board did consider Fisher's claim for waiver on the basis of unconscionability. The government also argues that Fisher's medical condition was taken into consideration by providing reasonable accommodation during the prior litigation, such as the grant of extensions of time for Fisher to file his arguments. The government notes that Fisher's decision not to pursue a waiver on the basis of financial hardship limited the Board's ability to take his medical condition into consideration because that is not one of the factors for a finding of unconscionability. The government adds that the set-aside rule is relevant even to a claim based on equity and good conscience because OPM's policy guidelines provide that, absent exceptional circumstances, recovery of an overpayment is not against equity and good conscience.

We do not find the Board's determination to be arbitrary, capricious, or an abuse of discretion. Fisher misapprehends the import of the Board's decision. Even though Fisher was found to be without fault, he must also have demonstrated that collection of the overpayment would have been against equity and good conscience. <u>See</u> 5 U.S.C. § 8346(b). There are three bases for meeting the equity and good conscience standard: financial hardship; detrimental reliance; and unconscionability. <u>See</u> 5 C.F.R. § 831.1403. Because Fisher, as he emphasizes to this court, did not make an argument for financial hardship or detrimental reliance, he could only meet the standard by demonstrating unconscionability. The AJ's initial determination, adopted by the Board,

while including some discussion of financial hardship, clearly addresses Fisher's claim of unconscionability.

Substantial evidence supports the Board's finding that Fisher's claims did not meet the high threshold for a finding of unconscionability. Fisher's complaint at its core is directed to the relationship of FERS disability benefit payments to SSA disability benefits. However, that is the system created by statute, and we are bound by it. Also, as explained by the AJ, Fisher's arguments relating to his disabilities are more appropriate to a consideration of financial hardship, not unconscionability.

Finally, we note that the statutory scheme has actually worked to Fisher's benefit. He was able to receive benefits from the FERS to assist him with his living expenses during the pendency of his appeal concerning SSA disability benefits. Now that the SSA has determined that Fisher is entitled to disability benefits, he is merely being required to repay the FERS for the payments it made to him when it was properly the responsibility of the SSA to make those payments. In addition, even though Fisher admittedly has the entire sum set aside to return the overpayment now, OPM is allowing him to make interest free monthly payments of $279.00 to repay the sum owed. OPM's decision is thus not unconscionable.

We therefore <u>affirm</u> the Board's decision.